## S02A1034. JOHNSON v. THE STATE.
(565 SE2d 805)

HUNSTEIN, Justice.

Appellant Timothy Johnson was indicted in November 1984 for the murder, armed robbery and aggravated assault of Teresa Stanley and was separately indicted for armed robbery and possession of a knife during the commission of a crime in connection with the robbery of a convenience store. On the first day of trial, appellant entered into an agreement with the State as to both indictments and pursuant to which he entered a plea of guilty to one count of murder and two counts of armed robbery. In return, the State agreed to withdraw its request for the death penalty and nolle prossed the charges of possession and aggravated assault. The plea agreement was entered in open court and appellant was sentenced to three consecutive life sentences.[1] In October 2001, appellant filed a pro se motion for out-of-time appeal in which he alleged that trial counsel had been ineffective for, inter alia, failing to inform him of his right to appeal and about the appeals process and failing to file a direct appeal.

---

[1] Appellant was indicted by the Houston County grand jury on October 15, 1984 on charges of possession of a knife during the commission of a crime, armed robbery, and aggravated assault. A second indictment for the separate offenses of murder and armed robbery was issued on November 13, 1984. Appellant entered a plea of guilty on both indictments to one count of murder and two counts of armed robbery on December 11, 1984 and was sentenced to three consecutive life sentences. A nolle prosequi was entered as to the remaining charges. Appellant thereafter filed a motion to withdraw his guilty plea which was denied by the trial court on April 15, 1991. On August 8, 1996, appellant filed a petition to correct void sentences which the trial court denied on November 19, 1996. Appellant appealed the denial of his petition and this Court dismissed the appeal on February 20, 1997. Appellant then filed motions for out-of-time appeal and motion for appointment of appellate counsel on October 3, 2001 and December 21, 2001, which the trial court denied on January 14, 2002. A notice of appeal was filed on January 23, 2002. The appeal was docketed in this Court on March 28, 2002 and submitted for decision on the briefs.

Appellant also asserted that the sentencing court erred in failing to inform him of his right to file a notice of appeal and his right to appellate counsel. The trial court denied the motion for out-of-time appeal on January 14, 2002. He appeals from the denial of that motion and we affirm.

1. An out-of-time appeal is available to a defendant who enters a guilty plea only if the issue on appeal is capable of resolution by reference to facts on the record. *Grantham v. State*, 267 Ga. 635 (481 SE2d 219) (1997). Appellant contends he did not file a timely appeal due, in part, to the ineffective assistance of his counsel. In support of this claim, appellant relies upon events, statements, and omissions occurring outside the hearing which are not reflected in the plea transcript or the record on appeal. Accordingly, an out-of-time appeal is not mandated because "the issues which appellant seeks to raise cannot be resolved by reference to facts contained in the record." *Grantham*, supra at 636. Appellant must pursue habeas corpus as his remedy. See id.; *Caine v. State*, 266 Ga. 421 (467 SE2d 570) (1996).

2. Even assuming, arguendo, that the sentencing court failed to inform him of his rights on appeal, appellant has failed to show that he had a right to file a direct appeal from the judgment of conviction and sentence entered on his guilty plea. Accordingly, he was not entitled to be informed of a non-existent right to appeal and the trial court did not err in denying appellant's motion for out-of-time appeal on this ground. See *Smith v. State*, 266 Ga. 687, 688 (470 SE2d 436) (1996); *Morrow v. State*, 266 Ga. 3, 4 (463 SE2d 472) (1995).

3. Nor did the trial court err in denying the motion for out-of-time appeal without making specific findings of fact and conclusions of law regarding appellant's substantive claims. As discussed above, an out-of-time appeal following a guilty plea is only authorized if the issues raised can be resolved by facts appearing on the record. Because in this case that requirement was not met, the trial court was not required to address appellant's substantive claims. See *Bryant v. State*, 245 Ga. App. 892, 894 (539 SE2d 523) (2000).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 24, 2002 —
RECONSIDERATION DENIED JULY 26, 2002.

Timothy R. Johnson, *pro se.*
*Kelly R. Burke, District Attorney, Amy E. Smith, Assistant District Attorney*, for appellee.