S06A0607. HEARD v. THE STATE.
(627 SE2d 12)

BENHAM, Justice.

Appellant Otis Heard pled guilty to a charge of malice murder in 1998. In August 2005, he filed a motion for out-of-time appeal and for the appointment of appellate counsel, contending his guilty plea was involuntary because the trial court which accepted his guilty plea failed to explain "malice aforethought" or "intent," and asserting trial counsel had rendered ineffective assistance of counsel. Appellant contended trial counsel had failed to file a timely notice of appeal from the guilty plea or a timely motion to withdraw the guilty plea, and had failed to inform appellant of his appellate rights. The trial court denied the motion for out-of-time appeal on September 1, 2005, noting that appellant would have to pursue these issues by means of a petition for writ of habeas corpus. Appellant filed a motion for reconsideration as well as a timely notice of appeal.

1. An out-of-time appeal is available to a defendant who has a judgment of conviction entered against him based on a guilty plea

only if the issue on appeal can be resolved by facts appearing in the record of the guilty plea. *Johnson v. State*, 275 Ga. 390 (1) (565 SE2d 805) (2002). Appellant seeks an out-of-time appeal alleging ineffective assistance of counsel, an issue which cannot be decided on the record of the guilty plea. Rather, as the trial court noted, it can be developed only in the context of a post-plea hearing. Since appellant's assertions of error cannot be resolved in a direct appeal from a judgment entered on a guilty plea, the trial court properly denied appellant's motion for out-of-time appeal. *Coleman v. State*, 278 Ga. 493, 494 (604 SE2d 157) (2004); *Johnson v. State*, supra, 275 Ga. 390.

2. The trial court did not err when it did not rule on appellant's motion for reconsideration. The trial court lost jurisdiction of the case when the notice of appeal was filed. *Cherokee County v. Hause*, 229 Ga. App. 578 (494 SE2d 234) (1997); *State v. Ganong*, 221 Ga. App. 250, 251 (470 SE2d 794) (1996).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 27, 2006 —
RECONSIDERATION DENIED MARCH 27, 2006.

Otis Heard, *pro se*.
*Charles M. Ferguson, District Attorney, Keith W. Day, Assistant District Attorney*, for appellee.