S06A1498. TURNER v. THE STATE.

(637 SE2d 384)

SEARS, Chief Justice.

In November 2003, Lewis Edward Turner pled guilty in Rockdale County to felony murder and was sentenced to life in prison. In December 2005, proceeding pro se, Turner filed motions to withdraw his guilty plea and for an out-of-time appeal, based on ineffective assistance of counsel. After a hearing, the trial court dismissed the motion to withdraw the guilty plea because it was not filed during the term of court in which the plea was entered, and denied the motion for an out-of-time appeal because Turner's ineffective assistance of

counsel claims could not be resolved by reference to facts appearing in the record. Finding no error, we affirm.

1. Turner's motion to withdraw his guilty plea was clearly untimely. "It is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea, the trial court lacks jurisdiction to allow the withdrawal of the plea."[1] Because Rockdale County has four terms of court each year,[2] and two full years passed before Turner sought to withdraw his plea, the trial court had no jurisdiction to permit Turner to withdraw his plea.[3]

2. Next, Turner contends that he is entitled to an out-of-time appeal because his counsel was ineffective for failing to inform him of: (1) his rights under the Uniform Superior Court Rules; (2) his right to appeal his plea; and (3) his right to be appointed counsel to assist him in withdrawing his plea. "An out-of-time appeal is appropriate where, as the result of ineffective assistance of counsel, a timely direct appeal was not taken."[4] In order to be entitled to a direct appeal from his guilty plea, however, whether timely or otherwise, Turner must show that his claims can be addressed and resolved solely by reference to facts contained in the record.[5] Turner's claims of ineffective assistance of counsel, however, cannot be resolved by examining facts appearing in the record, including the plea hearing transcript, and must instead be developed in the context of a post-plea hearing.[6] Accordingly, the trial court properly denied Turner's motion for an out-of-time appeal.[7]

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 30, 2006 —
RECONSIDERATION DENIED DECEMBER 15, 2006.

Lewis E. Turner, *pro se.*
*Richard R. Read, District Attorney, Roberta A. Earnhardt, Assistant District Attorney, Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General,* for appellee.

---

[1] *Henry v. State,* 269 Ga. 851, 853 (507 SE2d 419) (1998).

[2] OCGA § 15-6-3 (32.1).

[3] *Rubiani v. State,* 279 Ga. 299 (612 SE2d 798) (2005).

[4] *Smith v. State,* 266 Ga. 687, 687 (470 SE2d 436) (1996); *Brown v. State,* 280 Ga. 658 (2) (631 SE2d 687) (2006).

[5] *Smith,* 266 Ga. at 687; see also *Caine v. State,* 266 Ga. 421, 421 (467 SE2d 570) (1996) (direct appeal from a guilty plea will lie "if, and only if, the questions that he seeks to raise on appeal may be resolved by facts appearing in the record.").

[6] *Coleman v. State,* 278 Ga. 493, 494 (604 SE2d 157) (2004).

[7] *Heard v. State,* 280 Ga. 348, 349 (627 SE2d 12) (2006).