A07A0163, A07A0435. SANDERS v. THE STATE (two cases).
(640 SE2d 353)

BLACKBURN, Presiding Judge.

In these two appeals arising out of Charles Edward Sanders's guilty plea over twenty years ago to charges of armed robbery, aggravated assault, burglary, and theft by taking, Sanders argues in his first appeal that the trial court erred in denying in part his June 2006 motion to correct illegal sentences and in his second appeal that the court erred in denying his August 2006 motions for a transcript, for appointment of counsel, and for an out-of-time appeal. We hold that the trial court had no subject matter jurisdiction over the first motion and that the remaining motions were without merit or moot; therefore, we vacate the judgment in the first appeal (with direction that Sanders's motion to correct illegal sentences be dismissed) and affirm the judgment in the second appeal.

The record reflects that in 1984 Sanders was indicted for committing four crimes: burglary (entering the residence of Jewell Ansley with intent to commit theft), armed robbery (using a shotgun to steal guns and money from Ansley's person and immediate presence), aggravated assault (assaulting Ansley with a shotgun), and theft by taking (taking Ansley's motor vehicle). Represented by counsel, Sanders in 1985 pled guilty to the crimes, completing a questionnaire to indicate he was doing so knowingly and voluntarily. Stating it had carefully and diligently inquired into Sanders's answers, the court found that Sanders was acting freely and voluntarily in making his guilty plea. The court sentenced Sanders to life imprisonment on the armed robbery charge, to twenty years concurrent imprisonment on the burglary charge, to ten years concurrent imprisonment on the

aggravated assault charge, and to ten years consecutive imprisonment on the theft by taking charge. Sanders did not appeal.

Twenty-one years later in June 2006, Sanders pro se filed a motion to correct illegal sentences, arguing that (i) the armed robbery and theft by taking charges should have merged as both involved the theft of the motor vehicle, (ii) all charges should have merged into the armed robbery charge, and (iii) the sentences exceeded those allowed by law. In July 2006, the court denied the motion for the most part but did merge the aggravated assault charge into the armed robbery charge. In Case No. A07A0163, Sanders appeals this July 2006 order.

In August 2006, Sanders pro se moved the court for a transcript of the guilty plea hearing, for appointment of appellate counsel, and for leave to file an out-of-time appeal. Finding that Sanders raised issues of ineffective assistance of counsel and of voluntariness of the guilty plea, which were not resolvable from the record before the court, the court in September 2006 denied the motion for an out-of-time appeal and accordingly denied the motions for appointment of counsel and for a transcript. The court referred Sanders to a habeas proceeding if he wanted the matters addressed. Sanders appeals this September 2006 order in Case No. A07A0435.

## Case No. A07A0163

1. In his first two enumerations of error in Case No. A07A0163, Sanders argues that the trial court erred in denying portions of his motion to correct illegal sentences on two grounds: the armed robbery and theft by taking counts concerned the theft of the same automobile and should have merged, and the sentences exceeded the maximum allowed by law.

(a) *The issue of merging the armed robbery and theft by taking counts was waived.* We first address subject-matter jurisdiction. As stated in *Syms v. State*,[1] "in order for a trial court to have the power to exercise the subject matter jurisdiction to correct a judgment outside a term of court, the judgment must be, in fact, void. If the judgment is *not* void, a trial court has no further subject matter jurisdiction outside the term of court and the petition must be dismissed." (Punctuation omitted.)

Here, by pleading guilty to the four counts in the indictment, Sanders "waived all defenses except that the indictment charged no crime." *Kemp v. Simpson.*[2] Sanders does not claim that any of the counts charged no crime, but instead argues that the armed robbery

---

[1] *Syms v. State*, 244 Ga. App. 21 (534 SE2d 502) (2000).
[2] *Kemp v. Simpson*, 278 Ga. 439, 439-440 (603 SE2d 267) (2004).

and theft by taking counts should have merged. Having pled guilty to both the armed robbery and the theft by taking counts, Sanders "admitted to committing both crimes. As such, he is estopped from now claiming that any of the counts to which he pled guilty should have merged." (Footnote omitted.) *Harmon v. State*.[3] See *Carr v. State*.[4] Compare *Curtis v. State*[5] (where a defendant is convicted at *trial*, the issue of whether a sentence is illegal because the convictions merged is not an issue that may be waived by the defendant's failure to raise it in the trial court). Because the sentences were accordingly not void, the trial court lacked subject matter jurisdiction to consider Sanders's motion.

Even if the trial court had had jurisdiction to consider the matter, the indictment clearly alleged that the armed robbery count was for Sanders's using a gun to steal the guns and money of the victim, and that the theft by taking count was for stealing the victim's automobile; contrary to Sanders's claim, the two counts did not both involve the theft of the motor vehicle. Accordingly, the court could not have merged the two counts. See *Lewis v. State*[6] (armed robbery of money and cell phone did not merge with theft by taking of automobile). See also *Jones v. State*[7] (armed robbery of car keys did not merge with theft by taking of automobile).

(b) *The sentences did not exceed those authorized by law.* Sanders's contention that the sentences exceeded those authorized by law cannot withstand scrutiny. At the time the crimes were committed, a life sentence was authorized for armed robbery.[8] A 20-year sentence was authorized for burglary.[9] A ten-year sentence was authorized for aggravated assault.[10] And a ten-year sentence was authorized for theft by taking of a car.[11] Sanders's claim that he signed an agreement that his sentence was not to exceed a life sentence is not supported by evidence in the record.

(c) *The court lacked subject matter jurisdiction to merge the aggravated assault count into the armed robbery count.* The trial court in its 2006 order vacated the sentence on the aggravated assault count and merged that count into the armed robbery count, finding that the force that was the basis for the armed robbery count was the

---

[3] *Harmon v. State*, 281 Ga. App. 35, 39 (4) (635 SE2d 348) (2006).

[4] *Carr v. State*, 282 Ga. App. 134, 135-137 (637 SE2d 835) (2006).

[5] *Curtis v. State*, 275 Ga. 576, 576-578 (1) (571 SE2d 376) (2002).

[6] *Lewis v. State*, 261 Ga. App. 273, 275-276 (2) (582 SE2d 222) (2003).

[7] *Jones v. State*, 279 Ga. 854, 857-858 (3) (622 SE2d 1) (2005).

[8] OCGA § 16-8-41 (b).

[9] OCGA § 16-7-1 (a).

[10] OCGA § 16-5-21 (b).

[11] Former OCGA § 16-8-12 (a) (4) (A) (1984).

same force alleged in the aggravated assault count. However, as set forth above, Sanders pled guilty to both counts and thereby "admitted to committing both crimes. As such, he is estopped from now claiming that any of the counts to which he pled guilty should have merged." (Footnote omitted.) *Harmon*, supra, 281 Ga. App. at 39 (4). See *Syms*, supra, 244 Ga. App. at 21-22 (1) (having pled guilty, "he is estopped from claiming now that any combination of the crimes constituted, in fact or law, a single offense"). Accordingly, Sanders could not now move to have the counts merged, and since the sentences were therefore not void, the trial court had no subject matter jurisdiction over his motion 20 years after the sentencing. *Syms*, supra, 244 Ga. App. at 22 (1). "We remand this case back to the trial court with direction to dismiss for lack of subject matter jurisdiction [Sanders's] motion to [correct illegal sentences]." Id. This will reinstate the original sentence.

2. Sanders's third enumeration in Case No. A07A0163 is that the "trial court erred in not making the record speak the truth." He fails to explain how the record failed to speak the truth or how he brought this to the court's attention below. Obviously, before the trial court can correct an error in the record, an error must be identified. See, e.g., *Whittle v. Jones*.[12] This enumeration fails.

### Case No. A07A0435

3. In his first and second enumerations of error in Case No. A07A0435, Sanders asserts that the trial court erred in denying his motion for an out-of-time appeal (i) where Sanders received ineffective assistance from counsel who failed to file a direct appeal, (ii) where Sanders did not knowingly and voluntarily enter his guilty plea, and (iii) where the indictment was defective in that it failed to identify specifics such as the address of the crimes or the amount of money stolen. "We review a trial court's denial of a motion for out-of-time appeal for an abuse of discretion." *Fleming v. State*.[13]

(a) *Whether trial counsel acted ineffectively in failing to file a direct appeal cannot be decided from the record.* "An out-of-time appeal is appropriate where, as [a] result of ineffective assistance of counsel, a timely direct appeal was not taken." (Punctuation omitted.) *Turner v. State*.[14] But to be entitled to a direct appeal from a guilty plea, whether timely or otherwise, a defendant "must show that his claims can be addressed and resolved solely by reference to

---

[12] *Whittle v. Jones*, 198 Ga. 538, 545 (5) (32 SE2d 94) (1944).
[13] *Fleming v. State*, 276 Ga. App. 491 (1) (623 SE2d 696) (2005).
[14] *Turner v. State*, 281 Ga. 435, 436 (2) (637 SE2d 384) (2006).

facts contained in the record." Id. Sanders's claim that he instructed his counsel to file a direct appeal and that he received ineffective assistance when his counsel failed to file such an appeal (a rather interesting assertion considering that Sanders did not raise this claim for 21 years) "cannot be resolved by examining facts appearing in the record . . . and must instead be developed in the context of a post-plea hearing. Accordingly, the trial court properly denied [Sanders's] motion for an out-of-time appeal." (Footnote omitted.) Id. See *Smith v. State*;[15] *Heard v. State*.[16] This issue is therefore "relegated to disposition in a habeas corpus action." *Brown v. State*.[17]

(b) *Whether Sanders entered his guilty plea knowingly and voluntarily cannot be decided from the record.* Similarly, the issue of whether Sanders entered his guilty plea knowingly and voluntarily cannot be decided from facts appearing in the record. The record contains only the questionnaire filled out by Sanders in conjunction with his entering his plea and does not contain the transcript of the guilty plea hearing, in which the court (as per its findings in its order) "carefully and diligently inquired into the questions and answers given above by the defendant and . . . ascertained that the answers thereto were freely and voluntarily given." Because in the current procedural context we can only consider issues that can be resolved based "solely by reference to facts contained in the record" before us, we hold that since this issue cannot be so resolved, the trial court did not abuse its discretion in denying the out-of-time appeal on these grounds. See *Turner*, supra, 281 Ga. 436 (2).

(c) *The lack of more specifics in the indictment did not render the indictment insufficient.* Sanders complains that the indictment failed to specify the address where the crimes occurred or to specify the amount of money stolen in the armed robbery. This matter can be determined from the face of the record.

"If an accused can admit to the allegations of a crime and still be not guilty of a crime, the indictment is insufficient and the conviction void." *Stinson v. State*.[18] Here the indictment alleged that Sanders committed the following four crimes in McDuffie County on November 10, 1984: burglary[19] (entering the dwelling house of Ansley without authority and with intent to commit theft), armed robbery[20] (using a shotgun to steal guns and money from Ansley's person and

---

[15] *Smith v. State*, 281 Ga. 195 (637 SE2d 42) (2006).

[16] *Heard v. State*, 280 Ga. 348, 349 (1) (627 SE2d 12) (2006).

[17] *Brown v. State*, 280 Ga. 658, 659 (2) (631 SE2d 687) (2006).

[18] *Stinson v. State*, 279 Ga. 177, 179 (2) (611 SE2d 52) (2005).

[19] OCGA § 16-7-1 (a).

[20] OCGA § 16-8-41 (a).

immediate presence), aggravated assault[21] (assaulting Ansley with a shotgun), and theft by taking[22] (unlawfully taking Ansley's motor vehicle with the intention of depriving Ansley of the vehicle). These allegations sufficiently set forth the elements of the crimes charged.

Sanders's argument that the indictment failed to contain more specifics such as the address where the crimes occurred or the amount of money stolen is, in essence, a special demurrer seeking greater specificity. Without addressing whether Sanders was entitled to such information in the indictment, we hold that Sanders's failure to file a special demurrer prior to pleading to the indictment waived his right to a perfect indictment. See *Stinson*, supra, 279 Ga. at 180 (2). Moreover, he waived any complaints regarding such missing information when he pled guilty. *Harrison v. State*.[23]

For these reasons, the trial court did not abuse its discretion in denying Sanders's motion for an out-of-time appeal.

4. In his third and fourth enumerations of error in Case No. A07A0435, Sanders contends that the trial court erred in denying his motion for appointment of appellate counsel and in denying his motion for a transcript of his guilty plea hearing. However, as both of these rights are tied to his right of appeal, the trial court's denial of his out-of-time appeal rendered both motions moot. See *Yates v. Brown*.[24]

*Judgment in Case No. A07A0163 vacated and case remanded with direction. Judgment in Case No. A07A0435 affirmed. Ruffin, C. J., and Bernes, J., concur.*

DECIDED DECEMBER 11, 2006.

Charles E. Sanders, *pro se.*

*Dennis C. Sanders, District Attorney, Sarah M. Peacock, Assistant District Attorney*, for appellee.

---

[21] OCGA § 16-5-21 (a) (2).
[22] OCGA § 16-8-2.
[23] *Harrison v. State*, 188 Ga. App. 388 (1) (a) (373 SE2d 78) (1988).
[24] *Yates v. Brown*, 235 Ga. 391, 392 (2) (219 SE2d 729) (1975).