A07A2178, A07A2179, A07A2180, A07A2181. JOHNSON v. THE STATE (four cases).
(652 SE2d 836)

ANDREWS, Presiding Judge.

Douglas Edgar Johnson, currently incarcerated at Hays State Prison in Chattooga County, appeals pro se from orders entered by the Rockdale County Superior Court dismissing his pro se "Motion to Correct Void Judgment and to Correct Illegally Merged Sentence" in Case No. A07A2178; dismissing his pro se "Motion to Withdraw Guilty Pleas to Correct Manifest Injustice" in Case No. A07A2179; denying his pro se "Motion for Appointment of Counsel" in Case No. A07A2180, and denying his pro se "Motion for Out-of-Time Appeal" in Case No. A07A2181. Johnson's motions were filed in April 2007, and concerned the December 1984 judgment of conviction and sentence imposed on him after he pled guilty to various offenses in Rockdale County Superior Court.

In December 1984, Johnson, who was represented by counsel, pled guilty to all the charges brought against him in an eight-count indictment arising from allegations that Johnson, a convicted felon, entered the home of the two victims (a husband and wife), assaulted and robbed each victim using a pistol and a knife, and sexually assaulted and raped the wife. The indictment charged Johnson with burglary (Count 1); aggravated assault on the husband (Count 2); aggravated assault on the wife (Count 3); armed robbery on the husband (Count 4); armed robbery on the wife (Count 5); aggravated sodomy and rape on the wife (Counts 6 and 7); and possession of a

---

[19] *Gilpatrick v. State,* 226 Ga. App. 692, 695 (487 SE2d 461) (1997).

firearm by a convicted felon (Count 8). After pleading guilty, Johnson was sentenced to two consecutive life sentences on Counts 4 and 5, plus concurrent sentences of life on Count 6; twenty years each on Counts 1, 2, 3, and 7, and five years on Count 8.

1. In his motion in Case No. A07A2178, Johnson contends that the judgment of conviction was void and therefore any sentence imposed pursuant to the judgment was illegal. He does not contend that the sentences imposed were illegal or void because they were outside the allowable range of statutory punishment. *Crumbley v. State*, 261 Ga. 610, 611 (409 SE2d 517) (1991); *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). In support of his contention that the judgment was void, Johnson alleged that various counts in the indictment should have merged; that there were no facts to establish essential elements of the burglary charge and both armed robbery charges, and that the indictment was fatally defective for lack of notice on the burglary charge. Based on these allegations, Johnson moved for the superior court to void the judgment pursuant to OCGA § 17-9-4, which provides that "[t]he judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it."[1]

Johnson's motion, which essentially seeks to vacate the judgment of conviction, is contrary to the longstanding rule that "a motion to vacate a judgment will not lie in a criminal case." (Footnote omitted.) *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004). Moreover, OCGA § 17-9-4 is not at odds with this rule and "does not authorize a departure from the recognized procedures for challenging a criminal conviction." (Footnote omitted.) *Id.* Considering the motion in light of recognized procedures, we conclude it fails. To the extent Johnson's motion could be construed as a motion in arrest of judgment under OCGA § 17-9-61, it was untimely because a motion in arrest of judgment must be filed in the same term of court in which the judgment was rendered. *Id.* The present motion was filed over 22 years after the judgment was rendered. To the extent the motion makes claims cognizable in a habeas corpus petition, it cannot be recognized as such because it was filed in the Rockdale County

---

[1] There is no merit to the contention in Johnson's motion that, because various counts should have merged, the superior court lacked jurisdiction. The court clearly had jurisdiction of the person and subject matter. *Shields v. State*, 276 Ga. 669, 671, n. 10 (581 SE2d 536) (2003). "A judgment is not void so long as it was entered by a court of competent jurisdiction." (Punctuation and footnote omitted.) *State v. Glover*, 281 Ga. 633 (641 SE2d 543) (2007); *Collins v. State*, 277 Ga. 586, 587 (591 SE2d 820) (2004).

convicting court rather than in the county where Johnson is incarcerated. Id. Finally, the motion cannot be construed as an extraordinary motion for a new trial because that procedure is not available to a defendant who pled guilty. Id. Accordingly, the trial court's dismissal of the motion is affirmed.

2. In his motion in Case No. A07A2179, Johnson seeks to withdraw his guilty pleas to all eight counts in the indictment on the basis that the guilty pleas were accepted before he was formally arraigned; that the pleas were not knowing and voluntary; that he was mentally incompetent, suicidal, and under the influence of mind-altering prescription drugs when he entered the pleas; that a factual basis did not exist for entry of the pleas, and that his counsel was ineffective, falsely promised him that he would only have to serve three or four years if he pled guilty, falsely told him he had no right to withdraw the guilty pleas, and falsely advised him he could not appeal from the judgment entered on the guilty pleas.

The term of court in which Johnson was sentenced pursuant to the guilty pleas has expired, so a habeas corpus proceeding filed in the county where he is incarcerated is the sole means available to seek withdrawal of the pleas. *Rice v. State*, 277 Ga. 649 (594 SE2d 335) (2004). Because the record shows that Johnson is not incarcerated in Rockdale County where he filed the motion, the Rockdale County Superior Court lacked jurisdiction to consider whether the motion could be construed as a habeas corpus petition and properly dismissed the motion. *Stargell v. State*, 204 Ga. App. 45-46 (418 SE2d 372) (1992).

3. In Case No. A07A2181, Johnson contends that the trial court erred in denying his motion for an out-of-time appeal from the judgment of conviction and sentences entered on his 1984 guilty pleas.

An out-of-time appeal is appropriate where a direct appeal was not taken because of ineffective assistance of counsel. *Hicks v. State*, 281 Ga. 836 (642 SE2d 31) (2007). For an out-of-time appeal to be available on the grounds of ineffective assistance of counsel, the defendant must necessarily have had the right to file a timely direct appeal. Id. at 836-837. A timely direct appeal from a judgment of conviction entered on a guilty plea is available only if the issue on appeal can be resolved solely by facts contained in the record. Id. It follows that the denial of a motion for an out-of-time appeal can be reversed on appeal only if the issues sought to be raised on appeal can be resolved by facts contained in the record. Id. "We review a trial court's denial of a motion for out-of-time appeal for an abuse of discretion." (Citation, punctuation and footnote omitted.) *Sanders v. State*, 282 Ga. App. 834, 837 (640 SE2d 353) (2006).

Johnson made various claims that his right to a direct appeal was frustrated by erroneous advice of counsel; by failure of counsel to properly investigate the basis for the charges; by failure of counsel to raise the issue of his mental competency; and by counsel's false statements which coerced him to plead guilty. Because none of these claims can be resolved by facts contained on the record, we find that the trial court did not abuse its discretion by denying the out-of-time appeal on these grounds. *Hicks*, 281 Ga. at 836-837.

Johnson claims the record shows there was a failure to comply with Uniform Superior Court Rule (USCR) 33.9 requiring that the trial court be satisfied there was a factual basis for the plea. Since Johnson's guilty pleas were entered in 1984, prior to the July 1, 1985 effective date of the USCRs, Rule 33.9 did not apply. *State v. Evans*, 265 Ga. 332-334 (454 SE2d 468) (1995).

We find no merit to Johnson's claim that his guilty pleas were not voluntary and knowing because they were accepted in violation of the requirements set forth in *Boykin v. Alabama*, 395 U. S. 238, 243 (89 SC 1709, 23 LE2d 274) (1969), that a defendant understand and waive the federal constitutional privilege against compulsory self-incrimination; the right to trial by jury, and the right to confront one's accusers. *Foskey v. Battle*, 277 Ga. 480, 481-482 (591 SE2d 802) (2004). The waiver of rights form signed by Johnson and the transcript of the guilty plea hearing show that Johnson understood and waived these constitutional rights, and that his guilty plea was made voluntarily, knowingly, and intelligently. Id. Since this claim can be resolved adversely to Johnson by an examination of the record, there was no error in the denial of his motion for an out-of-time appeal. *Hicks*, 281 Ga. at 836-837.

To the extent Johnson claims that his guilty pleas were not voluntary and knowing because his counsel gave erroneous advice; failed to investigate the basis of the charges; failed to raise the issue of his mental competency, or coerced him to plead guilty, these claims cannot be resolved by facts contained on the record, so the trial court did not abuse its discretion by denying the out-of-time appeal on these grounds. *Hicks*, 281 Ga. at 836-837.

Asserting ineffective assistance of counsel, Johnson contends that his guilty pleas were accepted in violation of the constitutional prohibition against double jeopardy because the offenses to which he pled guilty in Counts 1, 2, 3, and 5 of the indictment merged as a matter of law and fact. Entry of a guilty plea does not waive subsequent consideration of a constitutional double jeopardy claim where the defendant contends the plea was not knowing and voluntary because it was entered without the benefit of advice from competent counsel regarding the viability of the double jeopardy claim. *Gerisch v. Meadows*, 278 Ga. 641, 643-646 (604 SE2d 462) (2004); *Petty v.*

*Smith*, 279 Ga. 273, 275 (612 SE2d 276) (2005). However, nothing contained in the record shows that the counts in the indictment to which Johnson pled guilty merged as a matter of law or fact. Because the double jeopardy claim can be resolved adversely to Johnson, at least in part, from an examination of the record, there is no basis for Johnson's contention that counsel's advice regarding the double jeopardy claim was deficient, and there was no error in the denial of Johnson's motion for an out-of-time appeal. *Hicks*, 281 Ga. at 836-837. To the extent Johnson's double jeopardy claim may be established by the development of facts not contained in the record, the trial court did not abuse its discretion by denying the motion for an out-of-time appeal. Id.; *Sanders*, 282 Ga. App. at 838.

There is no merit to Johnson's claim that the trial court abused its discretion by denying his motion for an out-of-time appeal without conducting an evidentiary hearing into various factual assertions made by Johnson in support of the motion. A motion for an out-of-time appeal from a guilty plea must be resolved by facts appearing in the record at the time of the plea, including the transcript of the guilty plea hearing. *Brown v. State*, 280 Ga. 658, 659-660 (631 SE2d 687) (2006); *Caine v. State*, 266 Ga. 421 (467 SE2d 570) (1996).

There is no merit to Johnson's claim that the trial court should have granted his motion for an out-of-time appeal because he was not formally arraigned pursuant to OCGA § 17-7-91, or because the trial court did not read the indictment to him pursuant to OCGA § 17-7-93 (a) when the court accepted his guilty plea. The record shows that Johnson waived formal arraignment and pled guilty, and a reading of the indictment was not required at the guilty plea hearing. *Thompson v. State*, 240 Ga. App. 539, 540 (524 SE2d 239) (1999).

4. In Case No. A07A2180, Johnson did not file a brief and enumeration of errors. Accordingly, the appeal from the superior court order in that case is dismissed. Court of Appeals Rule 23 (a).

*Judgment affirmed in Case Nos. A07A2178, A07A2179 and A07A2181. Appeal dismissed in Case No. A07A2180. Ellington and Adams, JJ., concur.*

DECIDED OCTOBER 9, 2007.

Douglas E. Johnson, *pro se.*

*Richard R. Read, District Attorney, Roberta A. Earnhardt, Assistant District Attorney*, for appellee.