A09A1591. MOCK v. THE STATE.

(679 SE2d 118)

BLACKBURN, Presiding Judge.

Following a jury trial, Tony Darnell Mock was convicted of burglary and related crimes in October 2007. His counsel filed no notice of appeal nor any motion for new trial. In February 2009, Mock (acting pro se) moved the trial court for an out-of-time appeal, which the court denied in an order filed on March 30, 2009. Mock appealed this order in a notice of appeal filed on April 13, 2009. We reverse and remand.

In his motion for out-of-time appeal, Mock asserted that he had instructed his counsel to pursue an appeal, but that counsel had failed to do so. Without holding a hearing or making any factual inquiry, the trial court denied the motion, reasoning that under *Stewart v. State*,[1] Mock's only remedy was to pursue a writ of habeas corpus. However, *Stewart* applies only to motions for out-of-time appeals in cases of guilty pleas, which appeals must be capable of

---

[3] *Regency Executive Plaza Unit Owner's Assn. v. Wilmock, Inc.*, 237 Ga. App. 193, 195 (514 SE2d 446) (1999).

[1] *Stewart v. State*, 268 Ga. 886, 887 (494 SE2d 665) (1998).

resolution by reference to facts of record only. Id. Here, of course, Mock was convicted following a jury trial.

In such circumstances, *Jackson v. State*[2] is instructive:

> An out-of-time appeal serves as the remedy for a frustrated right of appeal for a criminal defendant whose conviction has not been reviewed by an appellate court. It is the means by which a criminal defendant who lost his right to direct appeal of his criminal conviction due to counsel's negligence, ignorance, or misinterpretation of the law may gain that appellate review.

> [Mock's] allegation that he was deprived of the right to direct appeal due to trial counsel's ineffective assistance requires that a trial court conduct a hearing to determine whether the failure to pursue a timely direct appeal was attributable to [Mock] himself or his then legal representative. It is an abuse of discretion for a trial court to fail to make such a factual inquiry. Here, the trial court determined that [Mock] was not entitled to an out-of-time appeal without the proper inquiry into whether [Mock] or his attorney bore the ultimate responsibility for the failure to file a timely appeal.

(Citations and punctuation omitted.)

Because the trial court here failed to make the requisite factual inquiry, "we reverse and remand the case with direction that the trial court conduct the mandatory hearing to allow [Mock] to address whether the appellate procedural deficiency was due to his counsel's error." Id.

In this regard, we note that three days *after* the notice of appeal was filed in this case, the trial court entered an order attempting to rescind the March 30, 2009 order (denying Mock's motion for out-of-time appeal) on the ground that a timely motion for new trial had indeed been timely filed but apparently overlooked. The court scheduled a hearing on that motion for new trial for July 1, 2009.

These actions of the trial court, all of which took place *after* the notice of appeal had been filed, are void and of no effect. "The trial court lost jurisdiction of the case when the notice of appeal was filed." *Heard v. State*.[3] See *Teal v. State*[4] ("[a] notice of appeal divests the trial court of jurisdiction to alter a judgment while appeal of that

---

[2] *Jackson v. State*, 280 Ga. 27, 28 (622 SE2d 356) (2005).

[3] *Heard v. State*, 280 Ga. 348, 349 (2) (627 SE2d 12) (2006).

[4] *Teal v. State*, 282 Ga. 319, 329 (7) (647 SE2d 15) (2007).

judgment is pending"; such subsequent orders are a nullity) (punctuation omitted). Moreover, we note that in fact Mock's counsel did not file the referenced motion for new trial until two days *after* the notice of appeal was filed, which date was more than eighteen months after the judgment of conviction was entered. The service of the motion on the State in November 2007 was not controlling, but rather the date the motion was actually filed in the trial court. See *Peters v. State*[5] (motion for new trial must be filed with the trial court clerk within 30 days of judgment; otherwise, the motion is void and of no effect).

Thus, the correct procedure under these circumstances is for the trial court, after an evidentiary hearing, to rule on the motion for out-of-time appeal. If the motion is granted, then "the grant of an out-of-time appeal constitutes permission to pursue appropriate post-conviction remedies, including a motion for new trial." *Ponder v. State*.[6] Mock would have to re-file his motion for new trial within 30 days of such a grant. At that point, the trial court would be authorized to schedule a hearing on the motion for new trial. If the motion for new trial is denied, then Mock would have 30 days from the entry of this denial to appeal to this Court.

If the trial court denies the motion for out-of-time appeal, then Mock would have 30 days from the entry of this denial to appeal that order.

*Judgment reversed and case remanded with instruction. Adams and Doyle, JJ., concur.*

DECIDED MAY 22, 2009.

Tony Mock, *pro se.*
Richard A. Mallard, *District Attorney*, for appellee.

---

[5] *Peters v. State*, 237 Ga. App. 625, 625 (516 SE2d 331) (1999).
[6] *Ponder v. State*, 260 Ga. 840, 841 (1) (400 SE2d 922) (1991).