### A10A1990. LOVELADY v. THE STATE.
(706 SE2d 148)

PHIPPS, Presiding Judge.

After a jury trial, Thomas Alan Lovelady was convicted of armed robbery. On appeal, he argues that the court erred in denying his motion to exclude evidence of witnesses' pre-trial identifications of him. Finding no error, we affirm.

> Testimony concerning a pre-trial identification of a defendant should be suppressed if the identification procedure was impermissibly suggestive and, under the totality of the circumstances, the suggestiveness gave rise to a substantial likelihood of misidentification. The taint which renders an identification procedure impermissibly suggestive must come from the method used in the identification

---

[20] *Heard*, supra.

procedure. An identification procedure is impermissibly suggestive when it leads the witness to an all but inevitable identification of the defendant as the perpetrator, or is the equivalent of the authorities telling the witness, "this is our suspect."[1]

If the court does not find an identification procedure impermissibly suggestive, it need not reach the issue of whether there was a substantial likelihood of misidentification.[2] In reviewing the court's denial of Lovelady's motion, we construe the evidence most favorably to upholding the court's findings and judgment.[3]

The robbery occurred on June 23, 2007. Between 3:00 and 3:30 a.m. that day, a supermarket manager observed a man acting suspiciously in the store. Eventually the man left the supermarket. At around 4:00 a.m., the manager of a convenience store across the street from the supermarket was unlocking the store doors when she saw a man walking in a lit parking lot outside the convenience store. Shortly thereafter, while the manager was in her office, she heard someone enter the store. She left her office, walked toward the cash register, and saw a man wearing a ski mask and holding a gun. He was wearing what appeared to be the same shirt as the one worn by the man she had seen earlier in the parking lot. The man demanded money, which the manager gave him from the register. He then turned and ran out of the store.

Two days later, police investigating the armed robbery showed the convenience store manager an array of eight photographs of men, including a photograph of Lovelady. From that array, the witness identified Lovelady as the robber. Later that week, the supermarket manager also identified Lovelady as one of two people in the array who resembled the man he saw in the supermarket shortly before the robbery.

Lovelady argues that the court should have excluded evidence of these witnesses' identifications because differences between his photograph and the other photographs in the array rendered the array impermissibly suggestive. He asserts that his head was positioned slightly lower in his photograph, that some of the men in the photographs (including him) had light goatees while others had no facial hair, and that some of the men in the photographs had hair that was somewhat darker or longer than his. We cannot conclude, however, that these distinctions "created the kind of suggestiveness

---

[1] *Davis v. State*, 286 Ga. 74, 76 (2) (a) (686 SE2d 249) (2009) (citation and punctuation omitted).

[2] Id.

[3] *Karim v. State*, 244 Ga. App. 282, 283-284 (2) (535 SE2d 296) (2000).

that would lead the viewer inexorably to conclude that [Lovelady] was the suspect."[4] Although Lovelady presented expert opinion testimony challenging these aspects of the array, the trial court was not obligated to accept this testimony.[5] Moreover, Lovelady has failed to show any other action by police that would have led the witnesses to single him out in the array.[6]

> Our review of the record, including the photo[graphic] array . . . , leads us to conclude that the trial court was authorized to find that there was no impermissible suggestiveness. Accordingly, the trial court did not abuse its discretion by denying the motion to suppress [the witnesses'] pre-trial identification of [Lovelady].[7]

*Judgment affirmed. Miller, P. J., and McFadden, J., concur.*

DECIDED FEBRUARY 10, 2011.

*Steven A. Miller*, for appellant.
*Herbert E. Franklin, Jr., District Attorney*, for appellee.

---

[4] *Karim*, supra at 286; see *Clark v. State*, 279 Ga. 243, 245 (4) (611 SE2d 38) (2005) (finding existence of some variation among 14 photographs in array did not cause array to be impermissibly suggestive); *Williams v. State*, 275 Ga. 622, 623 (2) (571 SE2d 385) (2002) (finding slight differences between defendant's facial hair, the hair on his head, and the darkness of the background in his photograph did not cause photographic array to be impermissibly suggestive); *Miller v. State*, 270 Ga. 741, 743 (2) (512 SE2d 272) (1999) (finding neither difference in height nor lack of facial hair on most of the lineup participants made the lineup impermissibly suggestive).

[5] See *State v. Lynch*, 286 Ga. 98, 101 (1) (686 SE2d 244) (2009) (court as factfinder on motion to suppress is not under obligation to believe a witness, even in the absence of contradictory testimony).

[6] See *Davis*, supra at 77. Compare *Graham v. State*, 273 Ga. App. 187, 188 (1) (a) (614 SE2d 815) (2005) (finding pre-trial identification impermissibly suggestive where officers informed witness that they believed witness had made the right choice among photographs in array).

[7] *Davis*, supra at 77 (citation omitted).