# Court of Appeals
# of the State of Georgia

ATLANTA,___August 10, 2012___

*The Court of Appeals hereby passes the following order:*

**A12A2158.  MICHAEL J. SPENCE II v. THE STATE.**

In 2009, Michael J. Spence, II, pled guilty to two counts of aggravated assault with a deadly weapon and one count of aggravated assault with intent to rape.  He filed a motion to withdraw his plea, which the trial court denied.  We affirmed the trial court's judgment.  See Case No. A11A0993, decided August 3, 2011.  After the remittitur, Spence filed an untimely motion to modify his sentence, which the trial court denied.  Spence appealed from the trial court's order.  In Case No. A12A1169, we dismissed Spence's appeal.  Spence then filed a second motion to modify his sentence, in which he argued that his sentence was void.  The trial court denied that motion, and this appeal followed.

In his motion, Spence argued primarily that he was sentenced for the same criminal conduct on each of the counts, and that the sentences should have merged.  A direct appeal may lie from an order denying or dismissing a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal.  See *Harper v. State*, 286 Ga. 216 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  By pleading guilty, however, Spence "waived all defenses except that the indictment charged no crime." *Kemp v. Simpson*, 278 Ga. 439, 439-440 (603 SE2d 267) (2004).  Because he admitted to committing each of the crimes, he is estopped from now claiming that any of the counts should have merged.  *Sanders v. State*, 282 Ga. App. 834, 836 (1) (a) (640 SE2d 353) (2006).  Therefore, this is not a colorable void-sentence claim.  Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,* 08/10/2012
          *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
          *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*