# Court of Appeals
# of the State of Georgia

ATLANTA,    May 22, 2013

*The Court of Appeals hereby passes the following order:*

**A13A1730.  JOSE PINEDA v. THE STATE.**

In 2011, Jose Pineda pled guilty to conspiracy to commit trafficking in methamphetamine and conspiracy to commit trafficking in cocaine.  In 2013, he filed a motion to vacate a void sentence.  The trial court denied the motion, and Pineda filed a direct appeal.  We, however, lack jurisdiction.

An appeal may lie from an order denying a motion to correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 217 n. 1 (1) (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).  "[A]ssertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void . . ."  (Citation omitted.) *Coleman v. State*, 305 Ga. App. 680, 680-681 (700 SE2d 668) (2010); see also *Jones v. State*, 278 Ga. 669 (604 SE2d 483) (2004).

Pineda does not argue that his sentence exceeded the statutory limits for the crimes to which he pled guilty.  Instead, he contends that his indictment was defective, the trial court should have merged his convictions, and that he received ineffective assistance of counsel.  But these are challenges to his convictions, not to his sentence.  See *Williams v. State*, 287 Ga. 192 (695 SE2d 244) (2010); *Brown v. State*, 297 Ga. App. 738 (678 SE2d 172) (2009).  By pleading guilty, Pineda "waived all defenses except that the indictment charged no crime." *Kemp v. Simpson*, 278 Ga. 439, 439-440 (603 SE2d 267) (2004).  Because he admitted to committing each of the

crimes, he is estopped from now claiming that any of the counts should have merged. *Sanders v. State*, 282 Ga. App. 834, 836 (1) (a) (640 SE2d 353) (2006). Therefore, this is not a colorable void-sentence claim. Accordingly, we lack jurisdiction to consider this application, which is hereby DISMISSED. See *Harper*, supra.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,* 05/22/2013
      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*