# Court of Appeals
# of the State of Georgia

ATLANTA,___August 28, 2014___

*The Court of Appeals hereby passes the following order:*

**A15A0024. THOMAS LOVELADY v. THE STATE.**

Thomas Lovelady was convicted of armed robbery and sentenced to fifteen years, to serve ten in incarceration and the remainder on probation. We affirmed his conviction on appeal. *Lovelady v. State*, 307 Ga. App. 788 (706 SE2d 148) (2011). He later filed a motion to set aside a void judgment and conviction. The trial court denied the motion, and Lovelady appeals. We, however, lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying such a motion must be dismissed. See *Harper*, supra; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). A direct appeal may lie from an order denying a motion to correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper*, supra at n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). And a sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).

In his motion, Lovelady argued that his indictment was defectively vague and that it was not clear which penal clause applied to his sentence. But Lovelady's sentence fell squarely within the range of "not less than ten nor more than 20" prescribed for armed robbery under OCGA § 16-8-41 (b), and he has not argued otherwise. Because Lovelady has not raised a colorable void-sentence claim, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 08/28/2014
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*