# Court of Appeals
# of the State of Georgia

ATLANTA,____August 17, 2015_____

*The Court of Appeals hereby passes the following order:*

**A15A2255.  THOMAS LOVELADY v. THE STATE.**

Thomas Lovelady was convicted of armed robbery, and we affirmed his conviction on appeal.  *Lovelady v. State*, 307 Ga. App. 788 (706 SE2d 148) (2011). He later filed a motion to set aside a void judgment and conviction, which the trial court denied.  Lovelady appealed to this Court, but we dismissed the appeal for lack of jurisdiction.  See Case No. A15A0024, decided August 28, 2014.  Back in the trial court, Lovelady filed a "Motion to Cure a Substantive-Void Merger Violation," which the trial court denied. Lovelady appealed to the Supreme Court, which transferred the case here upon finding that it lacked subject matter jurisdiction. We, too, lack jurisdiction.

In his motion, Lovelady argued that his entire prosecution was void due to a fatally defective indictment. As we explained in our order dismissing Case No. A15A0024, a criminal defendant may appeal from an order denying a motion to vacate a void sentence if he raises a colorable claim that his sentence is, in fact, void. See *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  But a challenge to the indictment is a challenge to the conviction, not the sentence.  See *Johnson v. State*, 287 Ga. App. 759, 760 (1) (652 SE2d 836) (2007). Accordingly, Lovelady failed to state a colorable void-sentence claim.  Moreover, a motion to vacate a conviction will not lie in a criminal case.  Id.  This appeal is therefore DISMISSED for lack of jurisdiction.  See *Rooney v. State*, 318 Ga. App. 385, 387 (734 SE2d 104) (2012).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __08/17/2015__
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *Stephen E. Castlen* _____ , *Clerk.*