# Court of Appeals
# of the State of Georgia

ATLANTA,____August 26, 2015_____

*The Court of Appeals hereby passes the following order:*

**A15A2329.  JAMMIE MOODY v. THE STATE.**

Jammie Moody was convicted of armed robbery and aggravated battery, and we affirmed his convictions on appeal in an unpublished opinion.  See *Moody v. State*, Case No. A04A2247, decided February 11, 2005.  Moody later filed a pro se "Motion to Vacate a Void Conviction and Sentence," which the trial court denied. He now appeals.  We, however, lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case."  *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).  Any appeal from an order denying or dismissing such a motion must be dismissed.  See id. at 218 (2); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).  A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper*, supra at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that—even assuming the existence and validity of the conviction for which the sentence was imposed—the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."  *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  Thus, when a sentence is within the statutory range of punishment, it is not void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Moody does not argue that his sentence fell outside the permissible statutory range; rather, he contends that his indictment was flawed in several respects.  But this is a challenge to his convictions, not his sentence.  See *Shelton v. State*, 307 Ga. App.

599, 603 (3) (b) (705 SE2d 699) (2011); *Johnson v. State*, 287 Ga. App. 759, 760 (1) (652 SE2d 836) (2007).  Because Moody has not raised a colorable void-sentence claim, this appeal is hereby DISMISSED for lack of jurisdiction.  See *Roberts*, supra.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* _____08/26/2015_____
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*