## S01A1822. BARNES v. THE STATE.
(559 SE2d 446)

THOMPSON, Justice.

Gary Barnes pled guilty to felony murder and was sentenced to life in prison. Prior to entering his plea, Barnes filled out and signed a form in which he responded affirmatively to several questions, including: "Have you read and examined the indictment or accusation charging you in this case"; "Do you understand what you are charged with"; and "Do you understand all of the questions you have answered so far."

During the hearing, the trial judge personally asked Barnes whether he understood everything on the form, and whether he understood that the sentence which would be imposed for felony murder was life. Barnes answered yes to both questions. Barnes added that he wanted to plead guilty and that he was sorry for what he had done.

Almost seven years later, Barnes filed a motion for out-of-time appeal, asserting that his appointed counsel did not inform him of his right to appeal within 30 days, and that his guilty plea was not entered voluntarily because the trial court did not give him "real notice" of the nature of the charges against him. The motion was denied and Barnes appeals.

Barnes has the burden of showing that he is entitled to an out-of-time appeal. He cannot meet that burden merely by showing that he was not informed of his "rights" at the guilty plea hearing. On the contrary, Barnes has to show that

> he actually had a *right* to file a timely direct appeal which was frustrated by the ineffective assistance of his counsel. If [Barnes] "had no right to file even a timely notice of appeal from the judgment of conviction entered on (his) guilty plea, he was not entitled to be informed of a non-existent 'right' to appeal." [Cit.]

*Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996).

Barnes answered "yes" when asked written questions as to whether he read and examined the indictment and understood the nature of the charges. Thus, Barnes' assertion that his guilty plea was entered involuntarily because he did not understand the charges is belied by the record, and it cannot be said that he had a right to file even a timely notice of appeal. Id.; *Morrow v. State*, 266 Ga. 3, 4 (463 SE2d 472) (1995). It follows that the trial court did not err in denying Barnes' motion for an out-of-time appeal. *Morrow v. State*, supra.

*Judgment affirmed. All the Justices concur.*

Decided February 4, 2002 —
Reconsideration denied February 25, 2002.

Gary Barnes, *pro se.*

W. *Kendall Wynne, Jr., District Attorney, Jeffrey L. Foster, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.