## A02A2300. THORPE v. THE STATE.
(572 SE2d 738)

ELDRIDGE, Judge.

Kenny Tobias Thorpe entered a nonnegotiated guilty plea in the Superior Court of Glynn County to the offense of conspiracy to traffic in cocaine, for which offense Thorpe was sentenced to ten years imprisonment; at the time of sentencing, a nolle prosequi was entered on the alternate count of criminal attempt to commit trafficking.

Thereafter, Thorpe made a pro se motion for an out-of-time appeal of his guilty plea, claiming he received ineffective assistance of counsel because his trial attorney failed to inform him of his right to appeal his guilty plea. The trial court denied the motion, finding

---

that, "Since there is no right to appeal a guilty plea, there is no requirement that an accused who pleads guilty be advised of that non-existent right."

This Court reversed, finding that, in the motion for out-of-time appeal, Thorpe had met his burden to enumerate at least one appellate issue — with or without factual merit — that could be resolved on the face of the record and thus he had a right of appeal.[1] Cf. *Barnes v. State*, 274 Ga. 783 (559 SE2d 446) (2002) (factual assertions "belied by the record" do not demonstrate a *right* to file a timely notice of appeal of a guilty plea and thus do not demonstrate a *right* to an out-of-time appeal of such). We remanded the case to the trial court for a hearing to determine whether Thorpe's trial attorney had informed him of his right to an appeal. On remand, trial counsel testified that he had not so informed Thorpe. Consequently, the trial court granted Thorpe's motion for out-of-time appeal. *Held*:

1. In his first enumeration, Thorpe claims that the disposition of Count 2 of the indictment was ambiguous and "request[s] the Court clarify that (1) Appellant pleaded guilty to Count One only; (2) the State nolle prossed Count Two of the indictment; and, (3) a nolle prossed charge cannot merge into another prosecuted count for disposition, and thus, Count Two in Appellant's indictment did not merge into Count One for plea or sentencing."

(a) The record in this case shows that Thorpe was sentenced only on the conspiracy to traffic count of the indictment under Count 1. Thorpe concedes by brief that "the record is clear that Appellant pleaded guilty to Count One of the indictment *only*." A nolle prosequi was entered and stamped across the indictment as to the alternate count of criminal attempt to traffic under Count 2; a handwritten notation on the nolle prosequi stamp states "count (2) nolle prosequi per merger into count (1)." There is nothing in the record to indicate that Count 2 of the indictment was "merged" by law or fact into

---

[1] *Thorpe v. State*, 253 Ga. App. 263 (558 SE2d 804) (2002). In *Thorpe*, the identified appellate issue was "the trial court erred when it failed to inform [Thorpe] that he could withdraw his guilty plea as a matter of right after the court stated its intention to reject the plea agreement and before it pronounced judgment and sentence." Id. at 263-264. The record belied such assertion, showing that Thorpe's plea was nonnegotiated; that there was no plea agreement as to sentence – only an agreement that Thorpe would plead to the conspiracy count of the indictment; that Thorpe pled guilty to the conspiracy count of the indictment as intended; that he received first offender treatment as intended; and that the trial court neither stated nor evinced any intention to reject a "plea agreement." Accordingly, the trial court was not obliged to inform Thorpe that he could withdraw his guilty plea as a matter of right pursuant to Uniform Superior Court Rule 33.10. The meritlessness of this issue is underscored by Thorpe's failure to even raise it in this out-of-time appeal. See *Barnes v. State*, 274 Ga. 783 (559 SE2d 446) (2002) (factual assertions "belied by the record" do not demonstrate a *right* to file a timely notice of appeal of a guilty plea and thus do not demonstrate a *right* to an out-of-time appeal of such).

Count 1, as opposed to nolle prossed as stamped on the indictment and filed with the court clerk. And we read the handwritten notation about "merger" as simply an explanation for the entry of the nolle prosequi on an alternate count that would have factually merged into Count 1 had the alternate count been prosecuted.

(b) Thorpe's request for "clarification" presents no appellate issue. It is undisputed that the trial court sentenced Thorpe solely under Count 1 of the indictment. There is nothing in the record showing — and Thorpe does not assert — that the sentence he received under Count 1 was impacted in any fashion by the ultimate disposition of Count 2 of the indictment, whether Count 2 was nolle prossed or factually merged into Count 1 as a single offense. Thus, pretermitting any error with regard to the disposition of Count 2, no harm to Thorpe is demonstrated; moreover, Thorpe does not claim any. "It is elementary that to warrant reversal, harm as well as error must be shown."[2]

2. In his last enumeration of error, Thorpe contends he received ineffective assistance of counsel because trial counsel "acquiesced in the ambiguous disposition of Count Two of the indictment" as asserted above. In the context of guilty pleas, the two-prong test for establishing ineffective assistance of counsel as enunciated in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), "employs a standard of objective reasonableness with regard to counsel's performance and requires that the defendant establish the reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[3] Further, it is unnecessary to address both prongs of the two-prong *Strickland* test if the showing on one prong is insufficient.[4]

In this case, Thorpe fails to demonstrate or even claim that, but for counsel's acquiescence in an allegedly ambiguous disposition of Count 2 — which disposition (ambiguous or not) was ultimately rendered in Thorpe's favor, he would not have pleaded guilty and would have insisted on going to trial.[5] Accordingly, the instant claim of ineffective assistance of counsel is meritless.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 18, 2002.

*James J. Lacy*, for appellant.

[2] *In re Booker*, 195 Ga. App. 561, 565 (5) (394 SE2d 791) (1990).

[3] *Brantley v. State*, 268 Ga. 151, 152 (1) (486 SE2d 169) (1997).

[4] *Pope v. State*, 240 Ga. App. 803, 805 (2) (522 SE2d 291) (1999).

[5] *Tarwater v. State*, 259 Ga. 516, 517-518 (383 SE2d 883) (1989).

*Stephen D. Kelley, District Attorney, Gregory C. Perry, Assistant District Attorney*, for appellee.