### S06A0100. BROWN v. THE STATE.
(631 SE2d 687)

BENHAM, Justice.

Robert Jermaine Brown pled guilty in 1997 in Crisp County to malice murder and armed robbery. In 2005, he filed a pleading containing a motion to withdraw his guilty plea and a motion for out-of-time appeal. The trial court denied the motions without a hearing.

1. "The trial court's authority to grant a motion to withdraw a guilty plea ends after the expiration of the term of court in which the plea was entered. [Cit.]" *Nguyen v. State*, 279 Ga. 875 (621 SE2d 463) (2005). Since Crisp County has multiple terms of court each year (OCGA § 15-6-3 (13) (B)), and eight years passed before Brown sought to withdraw his plea, the trial court had no authority to permit Brown to withdraw the plea. Id. The denial of the motion to withdraw the guilty plea is affirmed.

2. Brown contends on appeal he is entitled to an out-of-time appeal because trial counsel failed to inform him of his right to appeal. "An out-of-time appeal is occasionally appropriate where, due to ineffective assistance of counsel, no appeal has been taken. [Cits.] However, an appeal will lie from a judgment entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record. [Cit.]" *Morrow v. State*, 266 Ga. 3 (463 SE2d 472) (1995).

---

Brown's motion for out-of-time appeal raised two sets of alleged errors, one set pertaining to the validity of his guilty plea, the other to ineffective assistance of counsel. As to the latter, Brown is not entitled to an out-of-time appeal because the issues cannot be decided on the record and are, therefore, relegated to disposition in a habeas corpus action. *Fleming v. State*, 276 Ga. App. 491 (1) (623 SE2d 696) (2005).

As to the allegations regarding the validity of Brown's guilty plea, if their resolution against him is apparent from this Court's examination of the record, "it cannot be said that he had a right to file even a timely notice of appeal." *Barnes v. State*, 274 Ga. 783 (559 SE2d 446) (2002). If that is so, there would be no error in denying his motion for out-of-time appeal. Id.

Brown contends his guilty plea was not valid because the trial court did not comply with Uniform Superior Court Rules 33.7, 33.8 (A), (B), 33.9, and 33.12. Our review of the guilty plea record shows the requirements of USCR 33.7 were met in that the trial court was aware the plea was negotiated and what agreement had been reached, the trial court made inquiry about promises or threats inducing the plea and was told there were none, and the trial court determined in colloquy with Brown the plea was voluntary. The trial court's colloquy with Brown regarding the charges against him and the rights he would be giving up satisfied the requirements of USCR 33.8 (A), (B). The requirement in USCR 33.9 that the trial court be satisfied there is a factual basis for the plea was met by the trial court's questions to Brown regarding the accuracy of the charges, which were read into the record, and trial counsel's statement that the evidence would show Brown was the one who shot the victim during the robbery. USCR 33.12, which deals with the grounds for withdrawing guilty pleas, has no application to this case since Brown, as noted above, did not timely seek to withdraw his guilty plea. "Having reviewed the record, we conclude that when accepting appellant's guilty plea, the trial court complied with all the requirements of the Uniform Superior Court Rules." *Wright v. State*, 275 Ga. 497 (1) (570 SE2d 280) (2002). Since it appears from the record that Brown's attacks on the validity of his plea can all be resolved adversely to him by an examination of the record, there was no error in denying his motion for out-of-time appeal. *Barnes v. State*, supra, 274 Ga. 783.

3. Finally, Brown complains the trial court erred in failing to conduct an evidentiary hearing on his claim that his right to appeal was frustrated by ineffective assistance of counsel. *Simmons v. State*, 276 Ga. 525, 526 (579 SE2d 735) (2003), where we held a trial court abuses its discretion when it fails to make a factual inquiry into such an allegation, is distinguishable from the present case in that the defendant there was convicted after a trial while Brown's conviction rests on a guilty plea, the validity of which can be tested by reference

to the record. Under such circumstances, we upheld the denial of a motion for out-of-time appeal without a hearing in *Barnes v. State*, supra, 274 Ga. 783, and do so here. In *Jackson v. State*, 256 Ga. App. 69 (1) (567 SE2d 718) (2002), the Court of Appeals first concluded Jackson was entitled to a direct appeal because he alleged an error capable of resolution on the record, then held the trial court's failure to conduct an evidentiary hearing on the issue whether counsel's ineffectiveness frustrated the defendant's right to appeal was an abuse of discretion requiring reversal and remand. Missing from that analysis was the step taken in *Barnes v. State*, supra, 274 Ga. 783, and in the present case to review the merit of the allegation of error. To the extent *Jackson v. State*, supra, 256 Ga. App. 69, stands for the proposition appellate courts need not make their own review, it is overruled.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 26, 2006.

Robert J. Brown, *pro se.*
Denise D. Fachini, *District Attorney*, for appellee.