## S08A0612. COLBERT v. THE STATE.
### (663 SE2d 158)

SEARS, Chief Justice.

The appellant, Jeffrey Colbert, appeals from the trial court's denial of his motion for an out-of-time appeal from the entry of his guilty plea to malice murder. For the reasons that follow, we affirm.

A defendant who pleads guilty to a crime may obtain an out-of-time appeal if the issues he seeks to raise can be resolved by facts appearing on the record and if his failure to seek a timely appeal was the result of ineffective assistance of counsel.[1] Moreover, we have held that, where the record shows that the attacks on the guilty plea that a defendant seeks to raise in an out-of-time appeal are without merit, trial counsel cannot have been ineffective in failing to pursue such an appeal, and a trial court thus does not err in denying an

---

[1] *Brown v. State*, 280 Ga. 658, 658-659 (631 SE2d 687) (2006); *Johnson v. State*, 275 Ga. 390, 391 (565 SE2d 805) (2002).

out-of-time appeal.[2]

In the present case, the issues that Colbert seeks to raise in an appeal are that he was not adequately informed of the nature of the charges against him[3] and that the trial court erred in failing to establish a factual basis for the plea.[4] We conclude that the record shows that these issues are without merit, and that the trial court thus did not err in denying the motion for out-of-time appeal.

In this regard, the record contains a "Plea of Guilty, Acknowledgment and Waiver of Rights" form in which Colbert, among other things, initialed paragraphs stating that he had read and examined the indictment, that he completely understood the charges against him, and that he committed the offense of murder as explained in the indictment. Moreover, at the end of the foregoing form, Colbert's trial counsel executed a certificate certifying that she had reviewed all the questions on the form with Colbert and that she had assured herself that Colbert understood each of the questions and his rights.

At the plea hearing, the prosecutor read aloud the malice murder count of the indictment. Additionally, Colbert stated that he had fully discussed the case with his attorney, that he had filled out the plea form, that he could read and write, that he understood all the questions, and that he knew he was pleading guilty to malice murder. The trial court inquired about the factual basis for the plea, and the record shows that Colbert stated that he killed his wife by stabbing her three times; that she was not armed; and that he did not act in self-defense. Moreover, Colbert's attorney explained that the defense at trial would have been voluntary manslaughter and that she had explained this to Colbert. Trial counsel added that, due to the lapse of about 24 hours between the incident that Colbert alleged constituted the provocation and the killing, she and Colbert did not believe a jury would accept voluntary manslaughter. Trial counsel concluded by stating that Colbert agreed to accept the plea to malice murder to avoid the mandatory sentence of five years in prison on a conviction for the charge of the possession of a knife during the commission of a crime. Colbert stated that trial counsel had properly stated his position.

Based on the plea acknowledgment form, trial counsel's certification, and the colloquy at the plea hearing, we conclude that Colbert

---

[2] *Hicks v. State*, 281 Ga. 836, 837-838 (642 SE2d 31) (2007); *Brown*, 280 Ga. at 658-659; *Barnes v. State*, 274 Ga. 783 (559 SE2d 446) (2002); Uniform Superior Court Rule 33.8 (A).

[3] See *Maddox v. State*, 278 Ga. 823, 825-826 (607 SE2d 587) (2005) (to establish validity of guilty plea, defendant must understand nature of charges against him).

[4] *Brown*, 280 Ga. at 659; Uniform Superior Court Rule 33.9.

was properly informed of the nature of the charge against him.[5] Moreover, these same factors show that the trial court established a factual basis for the plea.[6] Because the record clearly shows that Colbert was informed of the nature of the charge and that the trial court established a factual basis for the plea, the trial court did not err in denying Colbert's motion for out-of-time appeal.

3. Colbert contends that the trial court erred in failing to inform him of his qualified right to appeal from the judgment entered on his guilty plea. However, contrary to Colbert's contention, the trial court was not required to inform him of this qualified right.[7]

4. For the foregoing reasons, we affirm the trial court's denial of Colbert's motion for out-of-time appeal.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 2008.

Jeffrey Colbert, *pro se.*

Richard K. Bridgeman, *District Attorney,* Robin R. Riggs, *Assistant District Attorney,* Thurbert E. Baker, *Attorney General,* for appellee.

---

[5] See *Barnes,* 274 Ga. at 783 (we found no merit to Barnes's contention that guilty plea was involuntary because he did not understand the nature of charges, as "Barnes answered 'yes' when asked written questions as to whether he read and examined the indictment and understood the nature of the charges"); *Spencer v. State,* 260 Ga. 640, 647-650 (398 SE2d 179) (1990) (use of plea acknowledgment form like that executed by Colbert showed that Spencer's guilty plea was knowingly, intelligently, and voluntarily entered).

[6] *Brown,* 280 Ga. at 659 (reading of indictment and trial counsel's statement that defendant shot the victim during a robbery sufficient to show factual basis for plea); *Jackson v. State,* 271 Ga. 705, 707 (523 SE2d 871) (1999) (factual basis established when prosecutor stated that defendant entered the victim's home, found her with another man, stabbed her with a knife, and killed her).

[7] *Barlow v. State,* 282 Ga. 232 (647 SE2d 46) (2007).