## S13A0692. ADAMS v. THE STATE.
(748 SE2d 459)

HINES, Presiding Justice.

On April 10, 1997, Chester Lewis Adams pled guilty to charges of malice murder, kidnapping with bodily injury, armed robbery, rape, and aggravated sodomy, and was sentenced to five consecutive terms of life in prison.[1] See *Adams v. State*, 285 Ga. 744 (683 SE2d 586) (2009). In 2008, Adams filed a motion for an out-of-time appeal, which the trial court denied; this Court affirmed that decision on appeal. Id. On April 20, 2012, Adams filed a "Motion to Vacate Void Sentence"; the trial court denied the motion, and Adams appeals.

---

[1] The crimes were committed on November 16, 1993. See *Pye v. State*, 269 Ga. 779 (505 SE2d 4) (1998).

Adams contends that the trial court sentenced him to life in prison without the possibility of parole, did so without finding a statutory aggravating circumstance as required by then-effective OCGA § 17-10-32.1 (b),[2] and that the sentence of life without the possibility of parole is thus void. See *Hughes v. State*, 269 Ga. 819, 821 (2) (504 SE2d 696) (1998). However, this contention is based upon a misapprehension; the trial court did not sentence Adams to life in prison without the possibility of parole. Rather, the court sentenced him to five consecutive terms of life in prison, and such sentences did not require a finding of an aggravated circumstance under then-effective OCGA § 17-10-32.1 (b). And, of course, " '[i]t is within the trial court's discretion to sentence consecutively. (Cits.)' [Cits.]" *Taylor v. State*, 275 Ga. 461, 462 (2) (569 SE2d 520) (2002).

Nonetheless, Adams contends that in sentencing him to five consecutive terms of life in prison, the trial court has, in effect, sentenced him to life in prison without the possibility of parole. However, this contention too, is based upon a misapprehension. Adams points to Article IV, Section II, Paragraph II (c) of the Georgia Constitution, and argues that, under this constitutional provision, the State Board of Pardons and Paroles may not grant parole to him because he has received consecutive life sentences as a result of offenses occurring during the same series of acts.[3] But, the constitutional provision at issue does not itself forbid the Board of Pardons and Paroles from granting him parole; rather the constitutional provision empowers the General Assembly to enact a law prohibiting the Board from granting parole to one who has been sentenced in such a manner as Adams. However, assuming without deciding that a law enacted under this constitutional provision would bring Adams's sentences under the ambit of then-effective OCGA § 17-10-32.1 (b), Adams points to no enactment by the General Assembly under this constitutional authority, and we find none. Accordingly, Article IV, Section II, Paragraph II (c) of the Georgia Constitution has no effect

---

[2] Then-effective OCGA § 17-10-32.1 (b) read:

Unless the district attorney has given notice that the state intends to seek the death penalty pursuant to the Uniform Rules of the Superior Courts, the judge shall sentence the defendant to life imprisonment. In cases where such notice has been given, the judge may sentence the defendant to death or life without parole only if the judge finds beyond a reasonable doubt the existence of at least one statutory aggravating circumstance as provided in Code Section 17-10-30.

[3] Ga. Const. of 1983, Art. IV, Sec. II, Par. II (c) reads, in pertinent part:

the General Assembly, by law, may prohibit the board from granting and may prescribe the terms and conditions for the board's granting a pardon or parole to:
. . .

(2) Any person who has received consecutive life sentences as the result of offenses occurring during the same series of acts.

in this situation, and the trial court did not err in denying Adams's "Motion to Vacate Void Sentence."

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 2013.

Chester L. Adams, *pro se.*

*Scott L. Ballard, District Attorney, Robert W. Smith, Jr., Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.