S13A0920. LEWIS v. THE STATE.
(748 SE2d 414)

HINES, Presiding Justice.

Prisoner Viondi Lewis files this pro se appeal from the denial of his motion for an out-of-time appeal. For the reasons that follow, we affirm.

On April 24, 1997, a Cobb County grand jury returned an indictment charging Lewis and three others with having committed, on February 11, 1997, two counts of malice murder, two counts of felony murder, two counts of armed robbery, aggravated assault, three counts of false imprisonment, and three counts of possession of a firearm during the commission of a crime.[1] On September 19, 1997, Lewis pled guilty to only one count of felony murder and was sentenced to life in prison; as part of the plea negotiations, an order of nolle prosequi was entered as to the remaining counts against him.

On September 24, 2004, Lewis filed a pro se motion for an out-of-time appeal, alleging that the trial court and his plea counsel failed to inform him of his appeal rights. On November 16, 2004, he filed a "motion to amendment out of time appeal" making additional claims about the record, the voluntariness of the plea, and the conduct of his plea counsel. Following a hearing, the superior court denied the motion on December 1, 2004. Lewis filed a notice of appeal on December 15, 2004, and the appeal was docketed in this Court in the April 2013 term.[2]

Lewis contends that he should have been granted an out-of-time appeal because his guilty plea was not entered into intelligently and voluntarily in that his constitutional rights were not explained to him as required by Boykin v. Alabama, 395 U. S. 238 (89 SCt 1709, 23 LE2d 274) (1969), current Uniform Superior Court Rule 33.11 ("USCR 33.11"), and the uniform rules cited therein.[3] He further complains that the trial court "failed to reserve the transcript recording of the

---

[1] A co-indictee was additionally indicted for possession of a firearm by a convicted felon.

[2] The State opines that the substantial delay in the transmittal of the case to this Court is attributable to the unavailability of the guilty plea transcript.

[3] USCR 33.11 provides:

A verbatim record of the proceedings at which a defendant enters a plea of guilty or nolo contendere shall be made and preserved. The record should include:
(A) the inquiry into the voluntariness of the plea (as required in section 33.7);
(B) the advice to the defendant (as required in section 33.8);
(C) the inquiry into the accuracy of the plea (as required in section 33.9), and, if applicable;
(D) the notice to the defendant that the trial court intends to reject the plea agreement and the defendant's right to withdraw the guilty plea before sentence is pronounced.

guilty plea hearing," which he maintains is fatal to upholding the validity of his plea. But, Lewis's complaints are unavailing.

An appeal from a judgment entered on a guilty plea is authorized only if the issue on appeal can be resolved by facts appearing in the record, and the lower court's refusal to grant an out-of-time appeal is reviewed by this Court for an abuse of discretion. *Dennis v. State*, 292 Ga. 303 (736 SE2d 428) (2013). It is proper to deny a request for out-of-time appeal if examination of the record reveals no merit to the claimed errors. *Adams v. State*, 285 Ga. 744 (1) (683 SE2d 586) (2009). In the situation in which a criminal defendant challenges the constitutionality of his guilty plea, the State has the burden to show that the plea was informed and voluntary, including that the defendant made an articulated waiver of the three *Boykin* rights, which are the right to trial by jury, the privilege against self-incrimination, and the right to confront one's accusers. *Britt v. Smith*, 274 Ga. 611, 612 (556 SE2d 435) (2001).

The record in this case contains a 2006 affidavit of the court reporter at the guilty plea, which effectively states that preparing a transcript of Lewis's guilty plea hearing is no longer viable.[4] However, the absence of a transcript of Lewis's plea hearing, in and of itself, does not preclude consideration and determination of the validity of the plea; other evidence of record may establish that the plea was entered into knowingly and voluntarily. See *Moore v. State*, 285 Ga. 855 (684 SE2d 605) (2009). And, so it does in this case. Contrary to Lewis's assertion, the record is not silent; there is ample evidence to support the finding that Lewis understood the nature of the charges against him and the consequences of his guilty plea.

The record contains a three-page plea questionnaire, executed on the same day as the plea, which was sworn to and signed by Lewis as well as his attorney, witnessed by a deputy court clerk and certified to and signed by the judge presiding at the plea. The form, which was completed by hand, reflected on its face the negotiated agreement that Lewis would plead to only the one felony murder count of the

---

[4] The affidavit states that in November or December 1997, the court reporter resigned her employment with the Cobb Superior Court to move out of state to care for her terminally ill sister; that she brought with her all equipment and materials necessary to transcribe any appeals or requested reported hearings during her employment with Cobb County; that the equipment and materials were properly stored and secured; that upon attempting to access the software containing Lewis's plea hearing, she discovered that the disk was irretrievably damaged; that her back-up notes were stored by Cobb County when she ended her employment; that short of returning to Georgia and attempting to sort through the boxes of notes which might no longer be legible and years of testimony, there was no way to prepare a transcript of the plea hearing; and that she had done everything reasonably necessary to maintain the integrity of the testimony she had taken down during her employment with Cobb County, including in regard to Lewis's plea hearing.

indictment and that the remaining charges would be nol prossed. The document states that Lewis swore that he heard and understood the court's statements and questions; that he was not then under the influence of alcohol, drugs, narcotics, or pills; that he was 21 years old and had gone through the 11th grade; that he had never been a patient in a mental institution or under the care of a psychiatrist or psychologist; that he understood what he was charged with; that he understood that he had the right to remain silent; that he understood that upon his plea of guilty that he could receive as the maximum sentence the death penalty and a fine of up to $100,000; that he understood that he could either plead guilty or not guilty to the charge at issue; that he understood that a prior conviction, including the plea of guilty that he was then entering, might be used against him in sentence determination should he ever again plead guilty or be found guilty of another crime; that no one had made any promise or threat to him to influence him to plead guilty; that he understood that if he pled not guilty he would be entitled to have a jury trial; that he had time to confer and did confer with his named attorney about the case; that the plea of guilty was made upon his free decision and choice after conferring with his attorney about such decision; that he authorized and instructed his attorney to enter a plea of guilty; that he was satisfied with the services his attorney had rendered on his behalf; that he understood that he could plead not guilty to the offenses with which he had been charged; that if he should choose to plead not guilty, the Constitution guaranteed him the rights to a speedy and public trial by jury, to see and hear and cross-examine all witnesses called to testify against him, to use the power and process of the court to compel the production of any evidence including the attendance of any witness in his favor, and to have the assistance of an attorney at all stages of the proceedings; that he did not have to testify against himself; that he was presumed innocent; that he had the right to make the State prove his guilt beyond a reasonable doubt; that he understood that if he did not have enough money and could not obtain funds to hire an attorney, the court would appoint one to represent him; that he understood that if he pled guilty to the charge against him, he would be giving up those rights guaranteed to him and that the court might sentence him to the same punishment as if he had pled not guilty, stood trial, and was convicted of the offense by a jury; that he understood that if he pled not guilty the State had to prove every essential element of the crime charged; that he was waiving such requirement by his plea of guilty; and that there was a recommended sentence but that he understood that the court was not bound by the recommendation of the State or by the plea agreement. Lewis further affirmed that the questions had been read and explained

to him; that he had been informed of his rights; that those rights had been explained to him; and that he understood the consequences of a guilty plea. Lewis then waived in writing his right to a jury trial and pled guilty to the felony murder charge. Lewis signed the document following the concluding statement, "I have read all of the above questions and answers or have heard them read, and I understand them, and the answers are the ones given in open court, and they are true and correct." The presiding judge then signed a written certification that while under oath and in open court Lewis was asked the aforementioned questions, pled guilty to the charge at issue while represented by counsel, and had been fully advised of his rights and the charges against him; the presiding judge then made the express determination that Lewis's plea was made freely, knowingly, and voluntarily, and without "undue influence, compulsion or duress, and without promise of leniency."

The record plainly demonstrates that Lewis had a full understanding of what his plea represented and its consequences. *Moore v. State*, supra at 858 (1).

As to any complaint by Lewis about the trial court's failure to follow the letter of the applicable Uniform Superior Court Rules, the salient inquiry is the same, that is, whether the record, as a whole, affirmatively shows that the plea in question was knowing and voluntary. *Britt v. Smith*, supra at 614. And, the record shows that the guilty plea substantially complied with the applicable uniform rules. *Smith v. State*, 270 Ga. 68, 69 (2) (508 SE2d 145) (1998). Indeed, a defendant need not be expressly advised of each and every right set forth in USCR 33.8.[5] *Arnold v. State*, 292 Ga. 95, 97 (2) (734 SE2d 382)

---

[5] Lewis invokes current USCR 33.8, which provides:

The judge should not accept a plea of guilty or nolo contendere from a defendant without first:

(A) Determining on the record that the defendant understands the nature of the charge(s);

(B) Informing the defendant on the record that by entering a plea of guilty or nolo contendere one waives:

(1) the right to trial by jury;
(2) the presumption of innocence;
(3) the right to confront witnesses against oneself;
(4) the right to subpoena witnesses;
(5) the right to testify and to offer other evidence;
(6) the right to assistance of counsel during trial;
(7) the right not to incriminate oneself; and that by pleading not guilty or remaining silent and not entering a plea, one obtains a jury trial; and

(C) Informing the defendant on the record:

(1) of the terms of any negotiated plea;
(2) that a plea of guilty may have an impact on his or her immigration status if the defendant is not a citizen of the United States;

(2012). Although in this case Lewis was so advised. And, as for any further complaint by Lewis about a lack of a factual basis for the plea in alleged violation of present USCR 33.9,[6] it fails as well to provide a basis for granting him an out-of-time appeal. In denying Lewis's motion for an out-of-time appeal, the trial court expressly found that it was aware of the factual basis for Lewis's guilty plea because, inter alia, Lewis's co-indictee had pled guilty the month before Lewis's plea and a factual basis for the plea, including Lewis's culpability, was presented to the trial court. What is more, the indictment detailing the felony murder to which Lewis pled was before the trial court. *Adams v. State*, 285 Ga. 744, 747 (4) (683 SE2d 586) (2009). Simply, Lewis has not demonstrated that a manifest injustice will result unless his guilty plea is invalidated. Id.

Inasmuch as Lewis's attacks on the validity of his plea are all resolved adversely to him by consideration of the record, it was not error to deny his motion for an out-of-time appeal. *Adams*, supra, 285 Ga. at 748-749 (4) (b).

2. Finally, Lewis was not entitled to an out-of-time appeal on his claims of the misconduct and ineffective assistance of plea counsel because they cannot be resolved on the face of the record but would require the introduction of outside facts. *Burns v. State*, 291 Ga. 547 (1) (c) (731 SE2d 681) (2012).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 2013.

Viondi Lewis, *pro se.*

D. Victor Reynolds, *District Attorney, Daniel J. Quinn, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.

---

(3) of the maximum possible sentence on the charge, including that possible from consecutive sentences and enhanced sentences where provided by law; and/or

(4) of the mandatory minimum sentence, if any, on the charge. This information may be developed by questions from the judge, the district attorney or the defense attorney or a combination of any of these.

[6] Present USCR 33.9, which is essentially the same as the rule in effect at the time of Lewis's plea provides:

Notwithstanding the acceptance of a plea of guilty, the judgment should not be entered upon such plea without such inquiry on the record as may satisfy the judge that there is a factual basis for the plea.